IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM H. GILLIAM,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>　　　　　Defendant. | Civ. No. 20-00372 JMS-KJM<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

**I. INTRODUCTION**

On April 28, 2021, the court dismissed the federal claim in this action that alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., against Defendant Porter McGuire Kiakona & Chow, LLP ("Defendant"). *See* ECF No. 31; *Gilliam v. Porter McGuire Kiakona & Chow, LLP*, 2021 WL 1681076 (D. Haw. Apr. 28, 2021) (Order Granting Defendant's Motion to Dismiss and/or for Judgment on the Pleadings). The court determined that—based on the allegations in pro se Plaintiff William H. Gilliam's ("Plaintiff" or "Gilliam") First Amended Complaint ("FAC")—Plaintiff lacked statutory standing to bring an FDCPA claim because he was not "the object of collection activity arising from a consumer debt" where Defendant did not direct collection

efforts at him. *Gilliam*, 2021 WL 1681076, at **7-10.[1] That is, any collection efforts (assuming they were for a "consumer debt") by Defendant were directed at the owner of the property—Pacific Rim Property Service Corporation ("PRPSC")—and not at Gilliam. Although the court seriously doubted whether a further amendment to the FAC could cure the identified defects, the court granted Plaintiff leave to file a supplemental memorandum "describing any further amended FDCPA claims that he believes he could bring that would not be barred." *Id.* at *11.

On May 11, 2021, Plaintiff filed a memorandum that attempts to describe how he could amend his FDCPA claim. *See* ECF No. 32 ("MORANDUM *(sic)* pursuant to Court'[s] ORDER [of] APRIL 28, 20121 *(sic)*"). Having reviewed Plaintiff's memorandum, the court concludes that further amendment would be futile and DISMISSES the action. The FDCPA claim is DISMISSED with prejudice. The court declines to exercise jurisdiction over the supplemental state law claims and DISMISSES those claims without prejudice.

---

[1] The court also determined that, under 28 U.S.C. § 1367(c)(3), it would dismiss the supplemental state law claims without prejudice to refiling in state court, unless Plaintiff could demonstrate that it was not futile to amend the FDCPA claim. *Gilliam*, 2021 WL 1681076, at *11.

## II. DISCUSSION[2]

Plaintiff first argues that "[t]he defendant[] caused the [state] Circuit Court to direct an immediate Writ of possession specifically naming your plaintiff." ECF No. 32 at PageID # 295. He states that Defendant has indicated in an appellate brief before the Hawaii Intermediate Court of Appeals that "they seek a deficiency judgment." *Id.* But, even accepting as true that a writ of possession was directed at Plaintiff (who was apparently living in the condominium) as part of the state court foreclosure action, this does not mean that *Defendant* directed debt collection activity at Plaintiff. Rather, as the court has already determined, the writ of possession was obtained by George Robinson, the court-appointed receiver of PRPSC—*not* by Defendant. *See Gilliam*, 2021 WL 1681076, at *10; *see also In re Gilliam*, 2020 WL 5848340, at *2 (D. Haw. Oct. 1, 2020) ("[O]n October 2, 2019, the State Court issued an order authorizing and instructing Robinson to sell the condominium to settle the debts of PRPSC. That Order, along with a Writ of Possession issued on the same day, gave Robinson exclusive and immediate possession of the condominium and authorized Robinson to remove Gilliam and his property from the premises."); *cf. Gilliam v. Watanabe*, 2020 WL 5223778, at

---

[2] The court relies on its April 28, 2021 Order, and the orders of which it took judicial notice, for the background. That background is not repeated here.

\*5 (D. Haw. Sept. 1, 2020) (rejecting, based on judicial immunity, an effort by Gilliam to file an FDCPA claim against Robinson).

Moreover, even if Defendant had some role in directing a writ of possession in the foreclosure action against Gilliam, such a role would not be actionable under the FDCPA. "Actions that constitute enforcement of a security interest (such as a judicial foreclosure action), without more, do not constitute an attempt to collect a debt for purposes of the FDCPA." *Gilliam*, 2021 WL 1681076, at \*10 n.12 (citing *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 998 (9th Cir. 2020) ("In contrast to an action on the note, the enforcement of a security interest does not entail an attempt to collect money from the debtor [under the FDCPA].")). As *Barnes* reasoned, "[a] judicial foreclosure proceeding is not a form of debt collection when the proceeding does not include a request for a deficiency judgment or some other effort to recover the remaining debt." 963 F.3d at 998.

Plaintiff apparently attempts to fit within the exception in *Barnes* where a deficiency judgment is sought, arguing that Defendant indicated in an appellate brief before the Hawaii Intermediate Court of Appeals that "they seek a deficiency judgment." ECF No. 32 at PageID # 295. But even if Defendant made such a statement to that court, there could be no deficiency judgment sought against Gilliam. Gilliam is not an owner of the property and would have no liability for PRPSC's debts.

Finally, Gilliam argues that he brought the action not only on behalf of himself individually, but also "as personal representative of the estate of my late mother." ECF No. 32 at PageID # 298. But, assuming he could appear on a pro se basis as a representative of his mother's estate, Gilliam's argument does not mean he would be able to amend the FDCPA claim to avoid the identified deficiencies. As before, any debt collection activity was directed only at PRPSC and not against Gilliam and not against his mother's estate. And even if his mother's estate could have had some remaining interest in PRPSC, any collection efforts were directed only at PRPSC and were part of enforcing a secured interest in a judicial foreclosure proceeding. Under *Barnes*, enforcement of such an interest is not actionable under the FDCPA.

### III. CONCLUSION

Gilliam has not identified any basis to amend his FDCPA claim to cure the identified defects. Thus, the dismissal of the FDCPA claim as set forth in the court's April 28, 2021 Order is with prejudice. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). The court declines supplemental

jurisdiction over the state law claims, which are dismissed without prejudice to refiling in state court.³  The Clerk of Court shall close the case file.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, May 28, 2021.



           /s/ J. Michael Seabright
          J. Michael Seabright
          Chief United States District Judge

*Gilliam v. Porter McGuire Kiakona & Chow LLP*, Civ. No. 20-00372 JMS-KJM, Order Dismissing Action

---

³ The statute of limitations on state law claims would be tolled for the period that this federal case was pending.  *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."); *Artis v. Dist. of Columbia*, 138 S. Ct. 594, 598 (2018) (holding that "§ 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, i.e., to stop the clock").