IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM H. GILLIAM,<br><br>        Plaintiff,<br><br>  vs.<br><br>PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>        Defendant.<br>_____ | Civil No. 20-00372 JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT PORTER MCGUIRE KIAKONA & CHOW, LLP'S MOTION FOR AWARD OF ATTORNEY'S FEES AND RELATED NON-TAXABLE EXPENSES |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT
PORTER MCGUIRE KIAKONA & CHOW, LLP'S MOTION FOR
AWARD OF ATTORNEY'S FEES AND RELATED NON-TAXABLE EXPENSES

On July 16, 2021, Defendant Porter McGuire Kiakona & Chow, LLP ("PMKC") filed a Motion for Award of Attorney's Fees and Related Non-Taxable Expenses ("Motion"). ECF No. 46. On July 27, 2021, Plaintiff William H. Gilliam ("Gilliam") filed an opposition to the Motion. ECF No. 48. On August 3, 2021, PMKC filed a Reply. ECF No. 49.

The Court elects to decide this matter without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

BACKGROUND

PMKC is a law firm that represented the Association of Apartment Owners of Kuhio Shores and Poipu ("AOAO"), a condominium association on Kauai, regarding unpaid association dues and costs now exceeding $245,000 on a condominium property ("the Property"). Over the past few years, Gilliam has attempted to challenge collection efforts and foreclosure proceedings on the Property in several other *pro se* actions in Hawaii State Court, this federal District Court, the U.S. Bankruptcy Court for the District of Hawaii, and the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). Moreover, related actions are still pending in the Hawaii Intermediate Court of Appeals and in the Ninth Circuit Court of Appeals.

The factual and procedural background of this case is set forth in detail in the district court's prior orders. In particular, this Court relies upon the district court's: (1) April 28, 2021 Order Granting Defendant's Motion to Dismiss and/or for Judgment on the Pleadings, ECF No. 17 (ECF No. 31) ("04/28/2021 Order");[1] and May 28, 2021 Order Dismissing Action (ECF No. 33) ("05/28/2021 Order").[2] The Court and the parties are familiar with the background of this action, which the district court has recognized is "but a limited aspect of this continuing legal saga."

---

[1] *Gilliam v. Porter McGuire Kiakona & Chow, LLP*, Civ. No. 20-00372 JMS-KJM, 2021 WL 1681076 (D. Haw. Apr. 28, 2021).

[2] *Gilliam v. Porter McGuire Kiakona & Chow, LLP*, Civ. No. 20-00372 JMS-KJM, 2021 WL 2673068 (D. Haw. May 28, 2021).

*Gilliam*, 2021 WL 1681076, at *1. The Court thus only discusses the pertinent background facts in the 04/28/2021 Order and the 05/28/2021 Order and provides additional relevant details as necessary to decide the Motion.

I.  Factual Background

   A.  Gilliam's Amended Complaint

On April 28, 2016, with PMKC as counsel, the AOAO filed a Complaint for Foreclosure against Pacific Rim Property Service Corporation ("PRPSC") – a dissolved corporation that holds title to the Property – in the Circuit Court of the Fifth Circuit, State of Hawaii ("State Court"), seeking to enforce a lien on the Property for unpaid association assessments and fees ("the State Court foreclosure action").³ *See* ECF No. 10 at PageID ## 30-32; *see also In re Gilliam*, 2020 WL 5848340, at *5 (D. Haw. Oct. 1, 2020) ("A title report plainly indicates that PRPSC (not Gilliam) is the 'fee owner' of the [Property]."). Based upon alleged actions taken by PMKC in the State Court foreclosure action, Gilliam brought the instant action against PMKC, alleging jurisdiction under 28 U.S.C. § 1331. ECF No. 1. Gilliam's Amended

---

³ In the State Court foreclosure action, the State Court issued orders on October 2, 2019 authorizing and instructing a court-appointed receiver, George Robinson, to sell the Property and settle the debts of PRPSC. *See In re Gilliam*, 2020 WL 5848340, at *1-2. After having been denied an opportunity to intervene, Gilliam filed an interlocutory appeal, and on May 29, 2020, the Hawaii Intermediate Court of Appeals ("ICA") issued an order staying the October 2, 2019 orders. *See id.* at *2 & n.3. That appeal remains pending in the ICA, CAAP-19-0000778.

Complaint asserted claims for harassment and misstatements in violation of 15 U.S.C. §§ 1692d and 1692e[4] and various state law claims.

As Gilliam asserted in related proceedings, Gilliam asserted in this action that he owns an interest in the Property or PRPSC itself.  ECF No. 10 at PageID # 30 ¶ 2.  The precise source of Gilliam's alleged ownership is unclear, but it apparently stems from his late mother's estate and her ownership of PRPSC, "of which she [was] sole officer and director at her death in 2009, which holds legal title to [the Property]."  *Id.*  The Amended Complaint alleged that PRPSC is "an administratively dissolved corporation."  *Id.*

B.     Prior Related Actions

As part of his efforts in response to the State Court foreclose action, Gilliam filed a Chapter 11 bankruptcy petition on behalf of PRPSC – purportedly as a "trustee" – on August 19, 2010.  *See In re Pac. Rim Prop. Serv. Corp.*, No. 19-01051 (Bankr. D. Haw. Aug. 19, 2019).  The Bankruptcy Court for the District of Hawaii dismissed that Chapter 11 Petition on September 5, 2019, for failure to pay the filing fee and to file required documents.  *See In re Pac. Rim Prop. Serv. Corp.*, 2020 WL 4371106, at *2 (B.A.P. 9th Cir. July 29, 2020) (summarizing procedural history in the

---

[4] The Amended Complaint alleged that "[t]he Defendant[']s actions and course of conduct . . . constituted harassment within the meaning and the prohibitions of 15 USCS § 1692d; and . . . misstatements within the meaning and the prohibitions of 15 USCS § 1692e."  ECF No. 10 at PageID # 42 ¶¶ 20-21.

4

Bankruptcy Court).  The Bankruptcy Court then issued an order annulling the automatic stay that it had entered earlier, after finding that Gilliam lacked standing because he was not a shareholder or trustee of PRPSC.  *Id.*  Gilliam appealed that order to the Ninth Circuit's BAP.  *Id.*

On July 29, 2020, the BAP dismissed the appeal because it agreed that Gilliam lacked standing.  In so doing, the BAP confirmed that the Bankruptcy Court's finding that "Gilliam is not the debtor [PRPSC], nor does he have any interest in or control over [PRPSC] or its assets, including the [Property]."  *Id.* at *3.  The BAP specifically found on de novo review that "Gilliam is not a shareholder, much less the sole shareholder, of [PRPSC]."  *Id.*  No further appeal was taken of the BAP's decision, and it is final.

Meanwhile, on October 25, 2019, Gilliam filed a Chapter 13 bankruptcy petition on behalf of himself, asserting – contrary to the position Gilliam took in the then-ongoing Chapter 11 proceedings on behalf of PRPSC – that the Property was an asset in *his* estate.  *See In re Gilliam*, No. 19-01366 (Bankr. D. Haw. Oct. 25, 2019).  In that petition, Gilliam filed a motion asserting that he owned the Property, claiming that it had been conveyed to him from his mother's estate or from PRPSC.  *See In re Gilliam*, 2020 WL 5488340, at *3.  In response, Robinson, the PRPSC receiver, filed a motion seeking to lift the automatic Chapter 13 bankruptcy stay, contending that

PRPSC – not Gilliam – owned the Property and that Gilliam had no interest in PRPSC.  *See id.* at *4.

In ruling on these and other related motions, the Bankruptcy Court considered an evidentiary record and specifically found, among other things, that Gilliam "did not have the power to cause PRPSC to transfer the Property to himself, and therefore the Property is not property of his bankruptcy estate."  *Id.* at 3 (quoting a March 13, 2020 Order of the Bankruptcy Court).  The Bankruptcy Court thus concluded that that "[t]he automatic stay pursuant to 11 U.S.C. § 362 does not apply to the Property.  *Id.*

Gilliam filed a motion for reconsideration with the Bankruptcy Court, but the Bankruptcy Court denied that motion, reasoning in part:

> Debtor's motion to reconsider renews several arguments made in his initial motion for turnover.  Debtor argues that a number of transfers gave him control over the Poipu property, including a quitclaim deed issued from his mother's probate estate in December 2018 and a warranty deed issued from Pacific Rim in December 2019.
>
> However, Debtor's mother's probate had no effect on the Poipu property.  After the Debtor's mother formed Pacific Rim, the corporation, not the Debtor's mother, owned the Poipu property.  The most that the Debtor could inherit was his mother's stock in the corporation.  By the time the Debtor attempted to make the corporation transfer the Poipu property to him, the state court had already given the receiver exclusive control of the corporation's assets.  Any disagreement that the Debtor has with the state court's appointment of a receiver is properly the subject of a state court appeal, not a bankruptcy case.

*Id.*  Gilliam appealed those Bankruptcy Court orders to the district court.  *See In re Gilliam*, Civ. No. 20-00194 JMS-WRP (filed Apr. 29, 2020).

On October 1, 2020, the district court issued its Order Affirming Orders of Bankruptcy Court ("10/01/2020 Order").  *See In re Gilliam*, 2020 WL 5848340, at *1.  Reviewing and analyzing the same evidence that was before the Bankruptcy Court, the district court affirmed its findings, determining that the Property is not part of Gilliam's bankruptcy estate.  *Id.* at *4-6; *see also id.* at *5 ("There is no evidence that the condominium was ever transferred from PRPSC to the "new corporation" and then to Gilliam, much less that it was transferred from PRPSC directly to Gilliam.").  The district court also concluded that, even if Gilliam had inherited the stock of PRPSC from his mother's estate, this would not mean that he inherited the condominium.  *Id.* at *5.

Gilliam appealed the 10/01/2020 Order to the Ninth Circuit, where it remains pending.  *See In re Gilliam*, No. 20-17165 (9th Cir. Nov. 3, 2020).

II.   Procedural Background

On November 7, 2020, Gilliam filed an Amended Complaint asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and various state law claims.  ECF No. 10.  Gilliam's Amended Complaint claimed, among other things, that Gilliam owns the Property through PRPSC.  *See* ECF No. 10 at PageID # 30 ¶ 2.  The Amended Complaint alleged that PMKC violated the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, while representing the AOAO in the State Court foreclosure action.

On December 31, 2020, PMKC filed a Motion to Dismiss and/or for Judgment on the Pleadings as to the Amended Complaint. ECF No. 17. On April 28, 2021, the district court issued the 04/28/2021 Order, which granted PMKC's Motion to Dismiss and/or for Judgment on the Pleadings. ECF No. 31. In assessing whether Gilliam had statutory standing to bring an FDCPA claim, the district court concluded that it "must give preclusive effect to the Bankruptcy Court's prior findings that Gilliam has no ownership interest in the Property or in PRPSC." *Id.* at PageID # 283. Because Gilliam lacked ownership interest in the Property, Gilliam was not "the object of collection activity arising from a consumer debt" within the meaning of the FDCPA because Gilliam has no ownership interest in the Property. The district court thus concluded that Gilliam lacked statutory standing and dismissed his claims under the FDCPA.

Although the district court seriously doubted whether a further amendment to the Amended Complaint could cure the identified defects, the district court granted Gilliam leave to file a supplemental memorandum describing any further amended FDCPA claims that he believes he could bring that would not be barred. On May 11, 2021, Gilliam filed a supplemental memorandum. ECF No. 32. The district court found, however, that Gilliam failed to identify any basis to amend his FDCPA claim to cure the defects identified in the 04/28/2021 Order. ECF No. 33. The district court thus dismissed with prejudice Plaintiff's FCDPA claim. *Id.* The district court

also declined supplemental jurisdiction over Plaintiff's state law claims and dismissed those claims without prejudice. *Id.* at 2.

On May 28, 2021, the Clerk of Court entered judgment against Gilliam and in favor of PMKC. ECF No. 34. On July 16, 2021, PMKC filed the instant Motion, seeking an award of attorneys' fees and related non-taxable expenses.

## DISCUSSION

PMKC argues that it is entitled to an award of attorney's fees and non-taxable expenses pursuant to: (1) 15 U.S.C. § 1692k(a)(3); and (2) the court's inherent authority to award attorneys' fees. The Court addresses both of these arguments in turn below.

### I.      15 U.S.C. § 1692k(a)(3)

The FDCPA provides: "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "Unlike in the case of a successful plaintiff, for whom the FDCPA provides 'fee-shifting as a matter of course,' . . . such an award against a plaintiff and in favor of a successful defendant under section 1692k(a)(3) constitutes 'drastic relief,' . . . ." *Kurzdorfer v. Constar Fin. Servs., LLC*, 490 F. Supp. 3d 663, 671 (W.D.N.Y. 2020) (internal citations omitted) (citing *Nwaizuzu v. Dunlap Gardiner Atty's at Law, LLP*, Civil Action No. 1:17-CV-3850-ELR-JCF,

9

2019 WL 5491283, at *1 (N.D. Ga. 2019) ("As the FDCPA is a consumer-protection statute, the standard for awarding attorneys' fees and costs to prevailing defendants [under section 1692k(a)(3)] is quite stringent.")).

"The defendant must show with more than conclusory assertions that the plaintiff acted in bad faith and for the purpose of harassment." *Bonner v. Redwood Mortg. Corp.*, No. C 10-00479 WHA, 2010 WL 2528962, at *5 (N.D. Cal. June 18, 2010) (citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940-41 (9th Cir. 2007)). "Therefore, 'there must be evidence that the plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant.'" *Fields v. Credit Mgmt. Sys.*, Case No. EDCV 14-1853 JGB (SPx), 2016 WL 9088755, at *2 (C.D. Cal. Apr. 20, 2016) (quoting *Millard v. Northland Grp., Inc.*, No. 2:13-CV-00819-JAD-PAL, 2014 WL 6455986, at *1 (D. Nev. Nov. 17, 2014)).

A. Whether Gilliam Brought This Action in Bad Faith

"That a claim is 'meritless and properly dismissed on the pleadings' does not necessarily mean it was argued in bad faith." *Millard*, 2014 WL 6455986, at *1 (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 97 (2d Cir. 2010)). Rather, the defendant must present evidence that the plaintiff knew that his or her claims lacked merit and pursued them anyway. *Id.*

PMKC argues, among other things, that Gilliam brought this action in bad faith because he knew his FDCPA claim lacked merit based on the Bankruptcy Court's

10

and the district court's previous rulings that Gilliam owns no interest in the Property. *See* ECF No. 46-1 at PageID # 431; ECF No. 49 at PageID ## 487-88. The Court agrees. The Bankruptcy Court's orders and the district court's 10/01/2020 Order addressed and rejected Gilliam's various legal theories on which his claim of ownership over the Property was based. Despite those previous rulings, Gilliam nevertheless filed this action against PMKC, premised on the same, rejected assertion: that Gilliam owns the Property through PRPSC. In fact, because the ownership issue in this case was identical to that in the bankruptcy proceedings, the district court "easily conclude[d] that it must give preclusive effect to the Bankruptcy Court's prior findings . . . ." ECF No. 31 at PageID # 283. Based on the foregoing, the Court finds that PMKC sufficiently establishes that Gilliam brought this action in bad faith.

B. Whether Gilliam Brought This Action For the Purpose of Harassment

PMKC argues that Gilliam's allegations were unfounded and that this action constitutes harassment. ECF No. 46-1 at PageID # 433. The test under § 1692k(a)(3), however, is not whether the action constitutes harassment, but whether the plaintiff brought the action *for the purpose of harassment*. While the Court appreciates the frustration caused in having to defendant against an action such as this, that PMKC felt harassed during litigation does not satisfy the requirement under § 1692k(a)(3) to prove Gilliam purposefully harassed PMKC through this lawsuit.

11

Based on the record before it, the Court thus finds that PMKC fails to establish that Gilliam brought this action for the purpose of harassment. *See Bonner*, 2010 WL 2528962, at *5 (denying the defendant's request for fees under § 1692k(a)(3) because, despite showing that the plaintiff acted in bad faith, the defendant failed to establish that the plaintiff brought the action for the purpose of harassment).

Based on the foregoing, the Court finds that PMKC fails to satisfy the "quite stringent" standard under § 1692k(a)(3). The Court thus recommends that the district court deny PMKC's request for attorneys' fees and non-taxable expenses under § 1692k(a)(3).

II.   Inherent Authority

PMKC argues that the Court should use its inherent authority to award attorneys' fees. "Courts have the ability to address the full range of litigation abuses through their inherent powers." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). The Ninth Circuit has recognized, however, that "it is preferable that courts utilize the range of federal rules and statutes dealing with misconduct and abuse of the judicial system." *Id.* at 1136-37 (citing *Chambers*, 501 U.S. at 43-44); *Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion." (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)). Here, § 1692k(a)(3) was available to deal with the

misconduct about which PMKC complains.  The Court thus finds and recommends that the district court deny PMKC's request that the court exercise its inherent authority to award fees and non-taxable expenses to PMKC.  *Flint v. Beneficial Financial I. Inc.*, No. 2:12-cv-01675-GEB-EFB, 2013 WL 552622, at *2 (E.D. Cal. Feb. 12, 2013) (declining to use inherent authority to award attorneys' fees after finding that the defendant failed to establish entitlement to fees under § 1692k(a)(3)).

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Defendant Porter McGuire Kiakona & Chow, LLP's Motion for Award of Attorney's Fees and Related Non-Taxable Expenses (ECF No. 46).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, September 10, 2021.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Gilliam v. Porter McGuire Kiakona & Chow, LLP*, Civil No. 20-00372 JMS-KJM; Order Regarding Defendant Porter McGuire Kiakona & Chow, LLP's Motion for Award of Attorney's Fees and Related Non-Taxable Expenses